The district court's searching inquiry into Mr. Yang's prior conviction violated his Sixth Amendment jury trial right because his sentence increased based upon judicial backbiting. The district court's reliance here on so-called Shepard documents to resolve an ambiguity that was on the face of the state judgment has no basis in the Armed Career Criminal Act, precedent of the Supreme Court, or precedent of this court. To argue that the district court may increase a defendant's sentence based upon an ambiguous judgment because it is only determining the fact of the prior conviction begs the question. In essence, the argument is a district court may rely on Shepard documents to establish the fact of conviction because the fact of the defendant's conviction has already been established. The point here is that, for better or for worse, our Armed Career Criminal Act jurisprudence is very technical, it's very formalistic, it doesn't look at equities, it doesn't look at how things ought to be, it gives courts clear guidance on what's off limits and what it can use. So, Mr. Boyers, if I understand your position, you agree that Shepard documents of the kind used here can be used to determine which subsection of a divisible statute was charged and the basis of the conviction, correct? That's correct, Your Honor. Okay. Given the rather unusual ambiguity we have in this state court judgment, it seems like each section of a criminal code was violated. That's correct, Your Honor. Why? Should there be a difference? Well, first of all, DeCamps is very clear, is that the Supreme Court has said Shepard documents can enhance a person's sentence in one and only one circumstance, and they can use that for divisible statutes. The government and the Ninth Circuit in DeCamps tried to argue, well, there's no functional difference between divisible and indivisible, and what should be good for the goose is good for the gander. That's not true. The Supreme Court has been very clear, and this court has also been clear, that you use it for divisibility problems, not general ambiguity problems. And sure, this is an unusual case because of the face of the state court judgment, but there's no precedent that authorizes the exception to the normal Sixth Amendment jury trial right, which is we can't be jacking up a mandatory minimum or the maximum of a defendant's criminal liability just based upon judge-found facts. And the exception would be cases in which there's the fact of prior conviction. Well, here we don't have that. It's indeterminate. And under Shepard and DeCamps, that's the end of the road. And just because, look, a judge could and an army of clerks could. But isn't the purpose of the Shepard rule to avoid having a retrial, having the current judge trying to figure out what did the defendant actually do, right? You don't want that. But if it's just a matter of finding out what statute he was convicted under, what's the problem with that? I think you're right, but it's incomplete in the sense that Taylor brought up, look, the act does not contemplate or invite many trials. Shepard, which comes after Apprendi, underscores that there's also Sixth Amendment concerns here, which is that we don't want judges finding facts at the sentencing stage based on a preponderant standard that jack up somebody's sentence. Well, this is not a finding of fact. It's just determining what he was convicted of, what statute he violated. And that's a fact. But it's not the sort of fact that involves a judge taking evidence and hearing from witnesses and deciding issues of credibility. Oh, sure. Is it the most complex undertaking that I could imagine? No, it's not. But the precedent is- Well, what's the risk? What could go awry in allowing the judge to find out what the statute was that he was convicted on? Not what he did. What was the statute? I think the risk here is to understand the litigation process. Both parties are litigating. What is the mistake you're worried about that might happen by allowing the judge to find out what statute he was convicted of violating? Because there may be a misunderstanding between what the defendant has on his piece of paper that is his judgment of conviction and what actually- What? There's no record of what he was convicted under? The copy, which the defendant got- There must be a record. Don't courts keep records of convictions? Don't they know what the statute is that people are convicted for? Well, they do, but that's based on the judgment. But the Shepard documents here answer this question, right? Absolutely. Okay. So they can be used to answer this kind of question. They can be used to answer divisibility questions. Which of several specific provisions was charged and violated, correct? It can in the sense that you can get the answer. And may. That's an authorized use, correct? For divisibility purposes, that's what precedent says. Okay. So why doesn't the same logic say that if we don't- I mean, we don't know which subsection was violated. We use the Shepard documents. We don't know which section was violated. Use the Shepard documents. The court could take that position. We argue that it shouldn't because the Supreme Court has been very careful about- But is there a reason? That's what bothers me about your position. It doesn't seem to have any basis in common sense, right? Well, we're also in the land of the Armed Career Criminal Act, which admittedly, this is a formal- I'm making a formalistic argument, and a lot of it doesn't make sense. It's repeatedly litigated. But I think what this court should recognize is that the Supreme Court has had ample chance to say- Well, the Supreme Court hasn't faced this issue, has it? No, it has not. But why attribute a dumb result to the Supreme Court? Well, I disagree that it's a dumb result. Well, you haven't given any reason for it. The reason is- Your position. You don't have any reasoning. You just said it was a formalist interpretation of the Supreme Court, which hasn't addressed this issue. I mean, it's not very nice to blame a court by saying that if we extrapolate from your sensible decision, we get a dumb decision. Well, we're going to follow that, too, because we extrapolated, right? That's not a way- that's not sensible legal reasoning. I disagree that this would be a dumb decision. My point- Well, you never- you can't- you are incapable, apparently, of giving a reason why it's a sensible decision. Why it's a sensible decision is because they've drawn a line on when you can use Shepard- No, that's not an answer. They haven't addressed this issue. The Supreme Court has not addressed this issue. No, it has not. And- Why this should come out the same way as the standard Shepard cases. I can only do that inferentially, which is to point out there are badly worded state court judgments that are ambiguous. And if there were- Is there an ambiguity here, so we really don't know what section he was convicted under? I can't read that. Well, if there's no ambiguity, what's the problem? You don't have any argument. That's your problem. I disagree. The point is that this is what precedent has put us to. That's not a point. This issue hasn't been addressed by the Supreme Court, and you are unable to give a reason why it would be a sensible extension or extrapolation, whatever you want to call it, of Shepard to preclude the judge from finding out what section this person was convicted under. Well, then perhaps I can put the reason negatively, which is that when we have reasons, or when they have authorized, when other court precedents have authorized going to Shepard documents to jack up somebody's sentence, it is said so. Yeah, but that's when you're trying to find some of the underlying facts of that conviction, and then that's probably what you're worried about, when you're just looking at it to determine what statute was applied, and that's it, without looking at whatever the facts were. That should separate it so that it would be under the categorical poll, it should be all right. Yes, I recognize that there's that distinction, but- That's what we have here, it seems. Yes and no, in the sense that just because there hasn't been authorization, or there hasn't been expressed, or a legal basis underneath it, the point is that there's a distinction and the point is there are carefully delineated circumstances under which courts have been allowed to use Shepard documents to avoid Sixth Amendment problems, and here isn't one of them. Okay, well thank you Mr. Moyers. Mr. Burke? May it please the court, my name is Kevin Burke, and I am appearing today on behalf of the United States. Judge Connolly properly determined the fact of conviction for felony domestic assault as a violent felony predicate under the Armed Criminal Act under two different ways. The first method hasn't really been addressed today, and most of the briefing addressed the second method, but I want to address the first method that Judge Connolly used, and that is he simply looked at the judgment, and he was able to determine after looking at the caption on the judgment of the offense, felony domestic, that when he went into Minnesota law, it could only be one statute that the defendant had violated, and based upon that, he found that the element satisfied the violent felony predicate under the Armed Criminal Act, and if this court finds that that was proper, then we don't even get to the second argument, but turning to the second argument, whether it was proper to use Shepard documents to... Did he look for or get a record of his conviction? He did, Your Honor. So it wasn't just, when you said looking at Minnesota law, it wasn't just looking at the statute book, or... Well, what Judge Connolly said at sentencing was that he was able to look at the judgment, and then from there do legal research and determine that it could only possibly be one statute in Minnesota law that he violated. Well, that's the only one he came up with, right? Correct. I assume none of counsel in the court or Judge Connolly are experts in Minnesota state criminal law. That would be a good assumption, Your Honor. Did Judge Connolly say that that was an independent basis for his decision here? I believe the record shows that that is what he said. He said, because the way he states it is he looked at the law, and then he said what he did later, and where we get to the second step, is that he was merely confirming what he had already found by looking at the Shepard documents, because the way he states it... He says, the examination of the plea and the sentencing transcripts for the limited purpose of determining... Where are you? I'm sorry. This is... If you look to the appellant's brief, number... The attachment... What's the page number? Actually, page 39, Your Honor. Okay. At the bottom of the page, what he says is that the examination of the plea and sentencing transcripts for the limited purpose of determining, or really confirming, the specific statutory provision strikes the court as appropriate under Shepard. Okay. And really what he... That doesn't give me great confidence that he was prepared to say, on the basis of the phrase, felony domestic, and his own research into Minnesota law, that he knew he had a qualifying conviction sufficient to add so many years to the sentence here. I understand, Your Honor. I can tell you what Judge Connolly said, and he found that first he could look at the judgment and determine the fact of conviction from the judgment itself before turning to the Shepard document. That there was a conviction. But there was a conviction, and it said felony domestic. But how does that tell him it's a qualifying? Because he can look to the judgment and use legal research, go into Minnesota law, and even offered counsel the opportunity to say, disabuse me of any alternative notion. I don't want to waste a lot of time on this, but I guess if you're relying on the phrase for the limited purpose of determining, or really confirming, the specific statutory provision as an assertion that that is an entirely independent basis for affirming, I'm just not persuaded. I understand, Your Honor. If there's more, I'm happy to hear it. Sure. Well, I can tell you that he did offer counsel for Mr. Yang an opportunity to provide some alternative, and the only alternative related to domestic animals, which Judge Connolly rejected as absurd. Right. So you turn to the second argument, and that is the argument made by the defense that Judge Connolly was not entitled to look at these, what we're calling Shepard documents. What Judge Connolly did, and he explained, is he was taking an explicitly categorical approach. He was looking to the plea colloquy only to determine the elements of the offense, and he says, and he acknowledged, he said, I must not, and I did not, look to the underlying facts of the Minnesota 2010 conviction. Now one error that the appellant engages in is by conflating the limits placed upon the approach with the limits placed on the use of Shepard documents in general, and that error gets extended when the appellant says that the limits on Shepard documents are to the modified categorical approach, when in fact we have a number of instances in the case law where Shepard-type documents are used for other purposes, such as establishing recidivist predicates. We have the Rodriguez case by the Supreme Court, this case in Kirkland and Lockett. There are a number of other instances where beyond the modified categorical approach, Shepard documents can be used. Another error is this assertion of a Sixth Amendment impediment to using Shepard documents. These documents were used only to determine the fact of conviction. There was no elaborate fact-finding process. There was no, as was pointed out, taking of evidence or anything of the sort. The facts weren't even delved into whatsoever. Only the elements were examined. The fact of conviction, you're talking about the statute. Yes, Your Honor. I don't know, it seems to me this observation about, what do they call it, felony domestic, or the other way around. That was sort of an assumption, and then it was verified when you went to the fact of conviction. That's absolutely correct, Your Honor. So I don't know whether we'd need to get bogged down in the first one if that's the case. That may very well be true, Your Honor. We don't need to get bogged down, but really all Judge Connolly was doing was taking what he had learned from looking at Minnesota law and confirming, yes, these elements meet the violent felony predicate under the Armature Criminal Act. And really, one of the primary errors, another error, is that the appellant has flipped the proper burden here on its head, and then would strip the government of even being able to meet this now-flipped burden. And I refer to the 2011 and 2013 cases of Black and Meharig, respectively, that this Court has decided. Those were cases that involved judgments that were allegedly unclear or allegedly ambiguous. In the case of Black, there was some illegible handwriting. In the case of Meharig, there was a scrivener's error where there was a reference to paragraphs rather than subsections. In those cases, what this Court has said is that the defendant may not simply hide behind an ambiguity. The defendant has to provide something more. So it's actually the defendant's burden at that stage of the proceeding to provide something to contest what is in the pre-sentence report. Here, the appellant would not only hide behind the ambiguity in contravention of these cases, but then say, not the Court, not the government, not the probation office may offer these Shepherd-type documents to resolve this alleged ambiguity or this alleged unclear judgment. So there really is no rationale for the position taken by the appellant, either found in case law or in the principles undergirding the cases that have been decided. And for those reasons, the government prays that this Court uphold Judge Connolly's order. Thank you. Thank you, Mr. Burke. Mr. Moyers? Yes, Your Honor. To respond to the burden argument made by the government here, it simply cannot be that the defendant is placed at a sentencing hearing in having to prove that a conviction is X, Y, or Z, rather than A, B, or C, if the government doesn't have sort of a prima facie basis for that. And there are good reasons for that. Among them is the Sixth Amendment. Another one is the concern about the evidentiary rules. Furthermore, something that I think bears repeating is that when the Court has allowed the appellant to use Shepard documents in non-Shepard, shall we say, or non-divisibility context, one has been in the Kirkland context. That can only help a defendant when you're looking at different occasions of when an armed career criminal or when a violent felony took place. The second would be Lockett, which dealt with another provision. I'm out of time. Thank you. Okay. Well, thank you, Mr. Moore. And you were appointed, were you not? I was the federal defendant. You're a federal defendant. Okay. Well, we thank the defenders for their representation of Mr. Yang. And of course, we thank Mr. Burke for representation of the government. And the Court will be in recess.